IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| HART CHESNUTT, LLC | § § § | |
| v. | § § § | CIVIL ACTION NO. 5:22-cv-00110 |
| COVINGTON SPECIALTY INSURANCE COMPANY | § § | |

## DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Covington Specialty Insurance Company ("Covington"), in the above-entitled and numbered cause, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Local Rule 81.1.

### I.   BACKGROUND

1. Covington is the Defendant in a civil action pending Cause No. DC-2022-CV-0407; *Hart Chesnutt, LLC v. Covington Specialty Insurance Company;* In the 99th Judicial District Court of Lubbock County, Texas (hereinafter referred to as the "State Court Action"). As required by 28 U.S.C. § 1446(a), An Index of State Documents Filed with the Notice of Removal is attached hereto as "Exhibit A," and true and correct copies of all process, pleadings, orders served upon Defendant in the State Court Action are attached hereto as "Exhibit B."

2. On April 7, 2022, Plaintiff filed an Original Petition (hereinafter referred to as the "Petition") against Defendant Covington in the State Court Action. *See*, Ex. B-2.

3. The Petition asserts, *inter alia*, claims for Breach of Contract and violations of the Texas Insurance Code against Covington based on the allegation that Plaintiff incurred covered damages from a storm event within the applicable policy period of August 17, 2019 to August 17, 2020 in Lubbock, Texas. *See*, Ex. B-2.

4. Plaintiff served Plaintiff's Petition on Covington through the Texas Secretary of State. *See* Ex. B-2 at ¶5. No return of service has been filed. However, Covington admits it received service of the suit on May 16, 2022. *See*, Ex. E.

5. Accordingly, this Notice of Removal is timely filed within thirty (30) days of May 16, 2022, the date on which Defendant first received notice of service of process through the Secretary of State in the State Court Action. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) (holding that a defendant's time to remove is triggered by simultaneous service of the summons and complaint, not by mere receipt of the complaint unattended by formal service); *Baum v. Avado Brands, Inc.*, 1999 U.S. Dist. LEXIS 17955, at *5 (N.D. Tex. Nov. 12, 1999) (holding that where service is made on a statutory agent such as the Secretary of State, the thirty-day statutory period for removal starts running when a defendant actually receives service).

## II.     AMOUNT IN CONTROVERSY

6. In the Petition at Section IV, Plaintiff specifically states that it is seeking monetary relief of $250,000 or less. Ex. B-2 at ¶ 6. In Section V of the Petition, Plaintiff alleges that Covington forced Plaintiff to incur more than $9,000 in costs to complete its own investigation, independent inspection, and analysis of the damage of the storm in question, and that Covington underpaid Plaintiff's claim by approximately $188,765.61. *Id*. at ¶ 15.

7. Thus, it is facially apparent from the Petition that Plaintiff seeks damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332(a)(1).

## III.     DIVERSITY OF CITIZENSHIP

8. Plaintiff is, and was at the time of the filing of this action, a domestic limited liability corporation filed under the laws of the State of Texas with its principal place of business in Texas as well. *See*, Ex. B-2 at ¶ 3.

9. Covington is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Georgia. *See* 28 U.S.C. 1332(c)(1).

10. Thus, there was complete diversity between Plaintiff and Covington at the time this action was filed. *See* 28 U.S.C. § 1332(a)(1).

## IV.   TIME FOR REMOVAL

11. Covington's notice of removal is timely. Covington has removed this action within 30 days of receipt service of formal notice of suit – including the citation – which was on May 16, 2022. Therefore, the deadline for Covington to file this removal is not until June 15, 2022. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (The Supreme Court, answering the question of whether a defendant must be officially summoned to appear in an action before the time to remove begins to run, held that a defendant's time to remove is triggered by simultaneous service of the summons and complaint… [and] not by mere receipt of the complaint **unattended by any formal service**." (emphasis added)).[1]

---

[1] Additionally, every district court in Texas that has considered the question and dozens of other district courts have held that where service is made on a statutory agent such as the Secretary of State, the thirty-day statutory period for removal starts running when a defendant **actually receives service, not when service is effected upon the Secretary of State**. *Baum v. Avado Brands, Inc.*, CIVIL ACTION NO. 3:99-CV-0700-G, 1999 U.S. Dist. LEXIS 17955, at *8 (N.D. Tex. Nov. 12, 1999) (emphasis added); *see Simpson v. JIK Cayman Bay Exch. LLC*, No. 3:13-CV-3263-B, 2014 U.S. Dist. LEXIS 30245, at *24-25 (N.D. Tex. Mar. 7, 2014) (holding that the time for removal began running when defendant actually received notice of the suit, not when the Secretary of State was served with process); *Med. Staffing Network, Inc. v. Health Care Capital, Inc.*, No. 3: 04-CV-0794-B, 2004 U.S. Dist. LEXIS 23213, at *4 (N.D. Tex. Nov. 16, 2004) (holding that service on a statutory agent is not sufficient service for removal purposes); *Canyoncreek Communs. Corp. v. Commun. Cable Co.*, Civil Action No. 3:01-CV-1523-BF, 2001 U.S. Dist. LEXIS 20480, at *1 (N.D. Tex. Dec. 11, 2001) (holding that the proper date from which the close of the removal period should be calculated is the day upon which defendants actually received service, and not the day that service was effected upon the Secretary of State); *Renaissance Mktg. v. Monitronics Int'l, Inc.*, 606 F. Supp. 2d 201 (D.P.R. 2009) (holding that where service is made on a statutory agent such as the Secretary of State, the thirty-day statutory period for removal starts running when a defendant receives notice of summons and the complaint); *Calderon v. Pathmark Stofres, Inc.*, 101 F. Supp. 2d 246 (S.D.N.Y. 2000) (holding that where service is made on a statutory agent such as the Secretary of State, a defendant's time to remove runs, not from the date of service on the statutory agent, but on the date on which the defendant receives the notice that such service has been made; *Cox v. Sprung's Transport & Movers Ltd.*, 407 F.Supp. 2d 754, 756 (D.S.C. 2006) (holding that service upon statutory agent insufficient to begin period for removal); *White v. Lively,* 304 F. Supp. 2d 829 (D.C.Va. (footnote continued)

12. Therefore, Notice of Removal is timely filed.

## V. REMOVAL IS PROPER

13. Accordingly, the State Court Action satisfied both of the requirements for diversity jurisdiction: (1) more than $75,000 alleged in controversy; and (2) complete diversity of parties. 28 U.S.C. § 1332.

14. Furthermore, "in keeping with the great weight of the authority on [the] issue," this Notice of Removal is timely, as it comes within thirty days of May 16, 2022, the date on which the thirty-day statutory period for removal began running. *Baum*, 1999 U.S. Dist. LEXIS 17955, at *8.

15. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

16. Therefore, the State Court Action is removable to the United States District Court for the Northern District of Texas, Lubbock Division pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b).

17. Pursuant to 28 U.S.C. § 1446(d), Covington will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will further file a copy of this Notice

---

2004) (finding that the removal period started running with defendant's actual receipt of summons and complaint, rather than statutory agent's receipt of suit); *Lilly v. CSX Transp., Inc.,* 186 F. Supp. 2d 672 (D.C.W.Va. 2002) (holding that the thirty-day clock starts with defendant's actual receipt of notice of the suit, not at the time plaintiff served statutory agent); *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Group, Inc.,* 166 F. Supp. 2d 511 (D.C. La. 2001) (finding that statutory agents are not actual agents of defendants); *Monterey Mushrooms, Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (holding that, where service was properly made on a statutory agent, the removal period began when defendant actually received the process, not when the statutory agent received it); *Wilbert v. Unum Life Ins. Co.,* 981 F. Supp. 61, 63 (D.R.I. 1997) (finding that "[w]hen a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent."); *Pilot Trading Co. v. Hartford Ins. Group,* 946 F. Supp. 834, 839 (D. Nev. 1996) (holding that, where service is effected through a statutory agent, the time for removal starts running at the time of defendant's actual receipt of the complaint); *Medina v. Wal-Mart Stores, Inc.,* 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (noting that "'the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'")(citations omitted); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D. Mich. 1995) (holding that the time limit for removal does not begin with service on a statutory agent, but when the defendant actually receives the pleading).

of Removal with the District Clerk of Lubbock County, Texas, where the State Court Action was previously pending.

     WHEREFORE, Defendant Covington hereby removes the case styled Cause No. DC-2022-CV-0407; *Hart Chesnutt, LLC v. Covington Specialty Insurance Company;* In the 99th Judicial District Court of Lubbock County, Texas, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/ s / Joelle G. Nelson*
**JOELLE G. NELSON**
Texas Bar No. 24032501
**JACQULYN P. JANDRUCKO**
Texas Bar No. 24070425
**DANIEL A. FERRIS**
Texas Bar No. 24125573
Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: 713.659.6767
Fax: 713.759.6830
Joelle.Nelson@lewisbrisbois.com
Jacqulyn.Jandrucko@lewisbrisbois.com
Daniel.Ferris@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT,
COVINGTON SPECIALTY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2022, a true and correct copy of the foregoing document has been served on all known parties and counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

***Counsel for Plaintiff***
Matthew R. Pearson
Jarryd S. Morton
**PEARSON LEGAL, P.C.**
425 Soledad, Suite 600
San Antonio, Texas 78205
Tel: (210) 732-7766
Fax: (210) 229-9277
Email: mpearson@pearsonlegalpc.com
Email: jmorton@pearsonlegalpc.com

                                        */ s / Jacqulyn P. Jandrucko*
                                        JACQULYN P. JANDRUCKO