

# USPS Tracking®

Tracking | FAQs

Track Another Package +

Track Packages Anytime, Anywhere — Get the free Informed Delivery® feature to receive automated notifications on your packages. Learn More

**Tracking Number:** 71901046470101414561

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:20 pm on May 16, 2022 in ATLANTA, GA 30326.

USPS Tracking Plus® Available ⌄

**Status**

✓ **Delivered, Front Desk/Reception/Mail Room**

May 16, 2022 at 5:20 pm
ATLANTA, GA 30326

Get Updates ⌄

Delivered

Text & Email Updates ⌄

Tracking History ⌃

May 16, 2022, 5:20 pm
Delivered, Front Desk/Reception/Mail Room
ATLANTA, GA 30326
Your item was delivered to the front desk, reception area, or mail room at 5:20 pm on May 16, 2022 in ATLANTA, GA 30326.

May 16, 2022, 12:21 am
Departed USPS Regional Facility
ATLANTA GA DISTRIBUTION CENTER

May 15, 2022
In Transit to Next Facility

May 14, 2022, 4:49 pm
Arrived at USPS Regional Facility
ATLANTA GA DISTRIBUTION CENTER

May 13, 2022, 7:54 am
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

May 12, 2022, 10:21 pm
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

## John B. Scott
### Secretary of State

May 12, 2022

Covington Specialty Insurance Company
Senior Claims Officer of RSUI Group, Inc., or his designee
945 East Paces Ferry Rd
Atlanta, GA 30326-1160

2022-338483-1

Include reference number
in all correspondence

RE:  Hart Chesnutt, LLC vs Covington Specialty Insurance Company
     District Court of Dallas County, Texas
     Cause No. DC2022CV0407



Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on April 25, 2022.

CERTIFIED MAIL #71901046470101414561

Refer correspondence to:

Matthew R Pearson
Gravely & Pearson LLP
425 Soledad St
Suite 600
San Antonio, TX 78205

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/mo
Enclosure

RECEIVED
SECRETARY OF STATE
APR 25 2022
Service of Process

# CITATION
# THE STATE OF TEXAS

TO: **Covington Specialty Insurance Company**
Senior Claims Officer of RSUI Group, Inc., or his designee
945 East Paces Ferry Rd Atlanta, Georgia 30326-1160

*By Serving of Process: Secretary of State*
*P. O. Box 12079 Austin, Texas 78711-2079*

Defendant Greetings:

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 a.m. on the Monday following the expiration of twenty days after you have been served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

Said **Plaintiff's Original Petition** was filed in the **99th District Court** of Lubbock County, Texas, on **April 7, 2022**. The file number of said suit being Cause Number **DC-2022-CV-0407**, and styled:

**Hart Chesnutt, LLC,**
*Plaintiff*
V.
**Covington Specialty Insurance Company,**
*Defendants*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
Jarryd s. Morton 425 Soledad, Suite 600 San Antonio, Texas 78205 (210) 732-7766

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Monday, April 18, 2022, at 9:00 AM.

Sara L. Smith, District Clerk
99th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _Jamie Horton_ Deputy
Jamie Horton

338483

Case 5:22-cv-00110-H-BQ   Document 1-9   Filed 06/09/22   Page 4 of 14   PageID 39

6/7/2022 10:19 AM
Sara L. Smith
Lubbock County - 99th District Court
Lubbock County, Texas
MAS

CAUSE NO. DC-2022-CV-0407

| | | |
|---|---|---|
| HART CHESNUTT, LLC | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 99TH   JUDICIAL DISTRICT |
| COVINGTON SPECIALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | LUBBOCK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff HART CHESNUTT, LLC ("Plaintiff") files this Original Petition against Defendant COVINGTON SPECIALTY INSURANCE COMPANY ("Defendant" and "COVINGTON SPECIALTY") and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

1.  Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

2.  Venue is appropriate in Lubbock County, Texas because all or part of the events giving rise to the causes of action occurred in Lubbock County, Texas and the property which is the subject of this suit is located in Lubbock County, Texas.

### III. PARTIES

3.  Plaintiff is a domestic limited liability corporation whose principal place of business is in Lubbock County, Texas.

4. Defendant COVINGTON SPECIALTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by COVINGTON SPECIALTY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;
- The taking or receiving of application for insurance, including Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

5. Defendant COVINGTON SPECIALTY INSURANCE COMPANY is a surplus lines insurance company. COVINGTON SPECIALTY INSURANCE COMPANY regularly and systematically conducts business in the State of Texas but does not maintain an agent for service. Accordingly, Defendant may be served with process by serving the Texas Secretary of State via Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, by ***Certified Mail, Return Receipt Requested***, who can forward process to the Senior Claims Officer of RSUI Group, Inc., 945 East Paces Ferry Rd., Atlanta, Georgia 30326-1160 or his designee. ***Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.***

### IV. NATURE OF THE CASE; RELIEF SOUGHT

6. This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a severe weather event in May 2020. Plaintiff seeks damages for breach of contract and violations of the Prompt Payment Act, Texas Insurance Code Section 542.051 *et seq*. Plaintiff also seeks its attorneys' fees, compensatory damages, statutory penalties, enhanced damages, costs

of court and pre- and post-judgment interest. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

## V. BACKGROUND FACTS

7.  Plaintiff owns the property located at 524 E. 46th Street, Lubbock, Texas 79404 (the "Property"). At all relevant times, the Property was covered by a policy of insurance, numbered VBA715087 00, issued by COVINGTON SPECIALTY (the "Policy"). The Policy covered the Property against loss by wind and hail damage, among other perils.

8.  As a consequence of a severe storm event on May 20, 2020, the Property sustained extensive hail damage. The damage is covered under the Policy issued by COVINGTON SPECIALTY.

9.  Plaintiff gave timely notice to COVINGTON SPECIALTY. Plaintiff has faithfully paid all the premiums under the above-referenced Policy, and Plaintiff cooperated with COVINGTON SPECIALTY's investigation of Plaintiff's claims.

10.  COVINGTON SPECIALTY assigned the claim to adjusters to investigate, report on and adjust the loss.

11.  The adjusters assigned to the claim performed a rudimentary and inadequate inspection of Plaintiff's property.

12.  Instead of hiring EFI Global to do an independent analysis of Plaintiff's loss, COVINGTON SPECIALTY hired EFI Global's engineers to rubber stamp its basis for underpaying Plaintiff's claim and to convince Plaintiff that its roof damages were caused by poor maintenance, wear and tear and/or deterioration and not the storm at issue, even though Defendant reasonably should have known they were. COVINGTON SPECIALTY knew EFI Global would

provide reports based on inadequate information, which Defendant could use as a pretext for underpaying Plaintiff's claim, and knew that the substandard investigations EFI Global would perform and *did* perform were not reasonable. By way of example, the biased investigations conducted by EFI Global were limited to visual observations of the property damage only, without obtaining any microscopic analysis onsite and/or chemical testing of Plaintiff's metal roof and without obtaining any samples of Plaintiff's metal roof for laboratory microscopic analysis and/or other laboratory testing.

13. COVINGTON SPECIALTY concluded its investigation on or about October 27, 2020, adjusted Plaintiff's claim, and determined that Plaintiff was owed $0.00 ($11,277.64 RCV - 6,025.15 depreciation - $9,500 deductible) for covered hail-related damages to the Property.

14. Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the property. Plaintiff permitted Defendant's representatives to inspect the property on at least three occasions in July and August 2020 and January 2022.

15. By underpaying and/or effectively denying Plaintiff's claim, COVINGTON SPECIALTY forced Plaintiff to incur more than $9,000 in costs to complete its own investigation and independent inspection of the Property and analysis of the extent of damage caused by the storm in question. Plaintiff hired Dr. Fei of PMI Specialists, a metallurgical engineer, and Art Boutin, a causation and damages building consultant to investigate its loss. Mr. Boutin fully inspected the roof system, and Dr. Fei obtained samples of the roof for laboratory microscopic analysis and testing. Dr. Fei's report and Boutin's cost of repairs estimate were provided to COVINGTON SPECIALTY on or about November 22, 2021. Dr. Fei's laboratory testing confirmed Plaintiff's roofs were functionally damaged by hail during the subject storm event. COVINGTON SPECIALTY has underpaid Plaintiff by approximately $188,765.61.

16. In response, COVINGTON SPECIALTY hired a second engineer with ProNet Group, who merely conducted the same cursory investigation of COVINGTON SPECIALTY's first engineer. Specifically, on or about January 19, 2022, the ProNet engineer performed a visual inspection only of Plaintiff's Property and once again, failed to perform any microscopic analysis onsite and/or chemical testing of Plaintiff's metal roof, and failed to obtain any samples of Plaintiff's metal roof for laboratory analysis and/or other microscopic testing – despite the fact that the ProNet Group engineer acknowledged and knew that hail fell at Plaintiff's Property during the storm at issue, resulting in visible physical impacts and indentations of the Property, including the to the roof and an exterior wall.

17. COVINGTON SPECIALTY failed to conduct a full and fair and reasonable investigation of Plaintiff's claim, including as to the full scope and extent of covered losses and damages of Plaintiff's insured Property and as to the reasonable and necessary scopes of repairs of all such Property. Instead, COVINGTON SPECIALTY, its adjusters, and hired engineers limited their investigation activities to visual observations only, without obtaining any microscopic analysis and/or chemical testing of Plaintiff's metal roof and without obtaining any samples of Plaintiff's metal roof for laboratory microscopic analysis and/or other laboratory testing. COVINGTON SPECIALTY did this inadequate assessment despite plainly visible and extensive damage to the Property. COVINGTON SPECIALTY conducted this results-oriented, myopic investigation to conclude that there was cosmetic damage only to the Property's roof(s), thereby undervaluing the claim and drastically reducing COVINGTON SPECIALTY's exposure under the Policy and further violating the terms of the insurance Policy by failing to pay for all the covered damage caused by the storm at issue.

18.   COVINGTON SPECIALTY wholly failed to estimate the complete cost of repair to the Property.

19.   COVINGTON SPECIALTY has failed and refused to pay Plaintiff in accordance with its promises under the Policy and has wrongfully underpaid Plaintiff's claims for the Property. In addition, COVINGTON SPECIALTY violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.*, and statutory prompt payment penalties should be calculated from the time Defendant issued its original claims determination and payment decision letters in October 2020.

20.   The amount of Plaintiff's damages is well established and has been provided to Defendant. Plaintiff's covered property damage has not been paid despite Plaintiff having performed all conditions precedent to recovery under the Policy.

21.   COVINGTON SPECIALTY forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. Thus, Defendant failed to meet its obligation under the Policy regarding investigation and payment of the claim without delay. This conduct is in violation of Section 542.058 of the Texas Insurance Code and Defendant is liable for damages as provided by Section 542.060.

## VI. CLAIMS AGAINST DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY

22.   **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against COVINGTON SPECIALTY.

23. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of COVINGTON SPECIALTY and its agents constitute a breach and/or anticipatory breach of COVINGTON SPECIALTY's insurance contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against COVINGTON SPECIALTY pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

24. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Covington Specialty was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Covington Specialty and its agents constitute one or more violations of the Texas Insurance Code. More specifically, COVINGTON SPECIALTY has, among other violations, violated the following provisions of the Code:

   a. Texas Insurance Code, Chapter 542, Subchapter B, the Prompt Payment of Claims Act.

25. As a result of the foregoing conduct, which was and is/are the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Plaintiff is entitled to seek not only its actual damages but also court costs and reasonable and necessary attorneys' fees.

26. COVINGTON SPECIALTY has violated the Prompt Payment of Claims Act, section 542.051, *et seq.* of the Texas Insurance Code. Accordingly, as additional damages, Plaintiff also seeks interest on the unpaid amount of the claims from the date of Defendant's original claim determination and payment decision in October 2020 at the statutory rate as a penalty, plus

reasonable and necessary attorneys' fees incurred as a result of COVINGTON SPECIALTY's violations.

27. **Attorneys' fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against COVINGTON SPECIALTY through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorneys' fees and expenses.

28. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

29. All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

30. Plaintiff requests that a jury be convened to try the factual issues in these causes of action and tender the appropriate fees.

## IX. RESERVATION OF RIGHTS

31. Plaintiff specifically reserves the right to bring additional causes of action against COVINGTON SPECIALTY and to amend this Petition as necessary.

## X. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. the Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B.  alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.  damages against COVINGTON SPECIALTY INSURANCE COMPANY for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages, and costs of court;

D.  statutory damages, including the applicable percentage of damages penalty for violations of Texas' Prompt Payment of Claims Act; and

E.  any and all other financial relief and rulings to which Plaintiff may be entitled at law and/or as a matter of equity.

Respectfully submitted,

PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

BY: _____
MATTHEW R. PEARSON
State Bar No. 00788173
Email: mpearson@pearsonlegalpc.com
JARRYD S. MORTON
State Bar No. 24102248
Email: jmorton@pearsonlegalpc.com

**ATTORNEYS FOR PLAINTIFF
HART CHESNUTT, LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Velma Owen on behalf of Matthew Pearson
Bar No. 00788173
vowen@pearsonlegalpc.com
Envelope ID: 63353199
Status as of 4/7/2022 10:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew RPearson | | mpearson@pearsonlegalpc.com | 4/7/2022 10:19:00 AM | SENT |
| Jarryd Morton | | jmorton@pearsonlegalpc.com | 4/7/2022 10:19:00 AM | SENT |
| Velma L.Owen | | vowen@pearsonlegalpc.com | 4/7/2022 10:19:00 AM | SENT |

**CERTIFIED MAIL**



05/12/2022
US POSTAGE $006.53

ZIP 78701
041L12204064

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

7190 1046 4701 0141 4561

Return Receipt (Electronic)

2022338483-1

Covington Specialty Insurance Company
Senior Claims Officer of RSUI Group, Inc.,
945 East Paces Ferry Rd
Atlanta, GA 30326-1160

