|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF TEXAS<br>LUBBOCK DIVISION | **FILED**<br>December 19, 2022<br>KAREN MITCHELL<br>CLERK, U.S. DISTRICT COURT |

HART CHESNUTT, LLC §
§
*Plaintiff*, §
§
v. § Civil Action No. 5:22-CV-00110-H-BQ
§
COVINGTON SPECIALTY INSURANCE §
COMPANY, §
§
*Defendant*. §

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff HART CHESNUTT, LLC ("Plaintiff") files this First Amended Complaint against Defendant COVINGTON SPECIALTY INSURANCE COMPANY ("Defendant" and "COVINGTON SPECIALTY") and for causes of action would respectfully show the Court the following:

### I.   PARTIES

1. Plaintiff is a domestic limited liability corporation whose principal place of business is in Lubbock County, Texas.

2. Defendant COVINGTON SPECIALTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by COVINGTON SPECIALTY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;



Plaintiff's First Amended Complaint                                                                                             Page 1 of 10

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

3. Defendant COVINGTON SPECIALTY INSURANCE COMPANY is a privately-held New Hampshire corporation and an eligible surplus lines insurer whose headquarters is located in Atlanta, Georgia. Defendant has made an appearance in this suit and pursuant to the Federal Rules of Civil Procedure, may be served through its counsel of record.

## II.   JURISDICTION & VENUE

4. Plaintiffs filed this lawsuit in the 99th Judicial District Court of Lubbock County, Texas on April 7, 2022.  Defendant timely removed the case to federal court on June 9, 2022, on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, excluding interest and costs.

5. Plaintiff is a citizen of Texas.

6. Defendant is a citizen of New Hampshire and Georgia.

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this district.

## III.   STATEMENT OF FACTS

8. This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a severe weather event in May 2020.  Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code, including "knowing" violations. Plaintiff also seeks its attorneys' fees, compensatory damages, statutory penalties, exemplary damages, enhanced damages, costs of court and pre- and post-judgment interest.

9. Plaintiff owns the property located at 524 E. 46th Street, Lubbock, Texas 79404 (the "Property"). At all relevant times, the Property was covered by a policy of insurance, numbered VBA715087 00, issued by COVINGTON SPECIALTY (the "Policy"). The Policy covered the Property against loss by wind and hail damage, among other perils.

10. As a consequence of a severe storm event on May 20, 2020, the Property sustained extensive hail damage. The damage is covered under the Policy issued by COVINGTON SPECIALTY.

11. Plaintiff gave timely notice to COVINGTON SPECIALTY. Plaintiff faithfully paid all the premiums under the above-referenced Policy, and Plaintiff cooperated with COVINGTON SPECIALTY's investigation of Plaintiff's claims.

12. COVINGTON SPECIALTY assigned the claim to adjusters to investigate, report on and adjust the loss.

13. The adjusters assigned to the claim performed a rudimentary and inadequate inspection of Plaintiff's property.

14. Instead of hiring EFI Global to do an independent analysis of Plaintiff's loss, COVINGTON SPECIALTY and its adjusters hired EFI Global's engineers to rubber stamp its basis for underpaying Plaintiff's claim and to convince Plaintiff that its roof damages were caused by poor maintenance, wear and tear and/or deterioration, prior storm events, and not the storm at issue, even though Defendant reasonably should have known they were caused by the May 2020 storm. COVINGTON SPECIALTY knew EFI Global would provide reports based on inadequate information, which Defendant could use as a pretext for underpaying Plaintiff's claim, and knew that the substandard investigations EFI Global would perform and *did* perform were not reasonable. By way of example, the biased investigations conducted by EFI Global were limited

to visual observations of the property damage only, without obtaining any microscopic analysis onsite and/or chemical testing of Plaintiff's metal roof and without obtaining any samples of Plaintiff's metal roof for laboratory microscopic analysis and/or other laboratory testing by a qualified materials expert or metallurgist.

15. COVINGTON SPECIALTY concluded its investigation on or about October 27, 2020, adjusted Plaintiff's claim, and determined that Plaintiff was owed $0.00 ($11,277.64 RCV - 6,025.15 depreciation - $9,500 deductible) for covered hail-related damages to the Property.

16. Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the property. Plaintiff permitted Defendant's representatives to inspect the property on at least three occasions in July and August 2020 and January 2022.

17. By underpaying and/or effectively denying Plaintiff's claim, COVINGTON SPECIALTY forced Plaintiff to incur more than $9,000 in costs to complete its own investigation and independent inspection of the Property and analysis of the extent of damage caused by the storm in question. Plaintiff hired Dr. Fei, a metallurgist who has a Ph.D. in materials science and engineering, of PMI Specialists, Inc., and Art Boutin, a causation and damages building consultant to investigate its loss. Mr. Boutin fully inspected the roof system, and Dr. Fei obtained samples of the roof for laboratory microscopic analysis and testing. Dr. Fei's report and Boutin's cost of repairs estimate were provided to COVINGTON SPECIALTY on or about November 22, 2021. Dr. Fei's laboratory testing confirmed Plaintiff's roofs were functionally damaged by hail during the subject storm event. COVINGTON SPECIALTY has underpaid Plaintiff by approximately $188,765.61.

18. In response to Plaintiff's Chapter 542A pre-suit notice and expert reports provided to Defendant on or about November 22, 2021, COVINGTON SPECIALTY hired a second

engineer with ProNet Group to inspect the Property but that engineer merely conducted the same cursory investigation of COVINGTON SPECIALTY's first engineer. Specifically, on or about January 19, 2022, the ProNet Group engineer performed a visual inspection only of Plaintiff's Property and once again, failed to perform any microscopic analysis onsite and/or chemical testing of Plaintiff's metal roof, and failed to obtain any samples of Plaintiff's metal roof for laboratory analysis and/or other microscopic testing – despite the fact that the ProNet Group engineer acknowledged and knew that hail fell at Plaintiff's Property during the storm at issue, resulting in visible physical impacts and indentations of the Property, including the to the roof and an exterior wall, and wholly ignored Dr. Fei's metallurgist report.

      19.      COVINGTON SPECIALTY doubled down on its coverage decision following the ProNet engineer's inspection based on an insufficient and predetermined outcome, denying coverage for the Property's roof due to the Policy's cosmetic exclusion even though Defendant conducted zero laboratory analysis by a qualified professional to determine whether the roof was actually functionally damaged. Thus, Defendant failed to conduct a full and fair and reasonable investigation of Plaintiff's claim, including as to the full scope and extent of covered losses and damages of Plaintiff's insured Property and as to the reasonable and necessary scopes of repairs of all such Property. Instead, COVINGTON SPECIALTY, its adjusters, and hired engineers limited their investigation activities to visual observations only, without obtaining any microscopic analysis and/or chemical testing of Plaintiff's metal roof and without obtaining any samples of Plaintiff's metal roof for laboratory microscopic analysis and/or other laboratory testing. COVINGTON SPECIALTY did this inadequate assessment despite plainly visible and extensive damage to the Property. COVINGTON SPECIALTY conducted this results-oriented, myopic investigation to conclude that there was only cosmetic damage to the Property's roof(s), thereby

undervaluing the claim and drastically reducing COVINGTON SPECIALTY's exposure under the Policy and further violating the terms of the insurance Policy by failing to pay for all the covered damage caused by the storm at issue.

20. COVINGTON SPECIALTY wholly failed to estimate the complete cost of repair to the Property.

21. COVINGTON SPECIALTY has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code.

22. COVINGTON SPECIALTY refused to fully compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation. COVINGTON SPECIALTY and its adjusters performed a pre-determined, outcome-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Section 541.060(a)(7) of the Texas Insurance Code.

23. COVINGTON SPECIALTY has failed and refused to pay Plaintiff in accordance with its promises under the Policy and has wrongfully underpaid Plaintiff's claims for the Property. In addition, COVINGTON SPECIALTY violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.*, and statutory prompt payment penalties should be calculated from the time Defendant issued its original claims determination and payment decision in October 2020.

24. The amount of Plaintiff's damages is well established and has been provided to Defendant. Plaintiff's covered property damage has not been paid despite Plaintiff having performed all conditions precedent to recovery under the Policy.

25. COVINGTON SPECIALTY forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. Thus, Defendant failed to meet its

obligation under the Policy regarding investigation and payment of the claim without delay. This conduct is in violation of Section 542.058 of the Texas Insurance Code and Defendant is liable for damages as provided by Section 542.060.

## IV. CLAIMS AGAINST DEFENDANT
## COVINGTON SPECIALTY INSURANCE COMPANY

26. **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against COVINGTON SPECIALTY.

27. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of COVINGTON SPECIALTY and its agents constitute a breach and/or anticipatory breach of COVINGTON SPECIALTY's insurance contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against COVINGTON SPECIALTY pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

28. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Covington Specialty was engaged in the business of insurance as defined by the Texas Insurance Code and is therefore a "Person" as defined by Tex. Ins. Code § 541.002. The acts and omissions of COVINGTON SPECIALTY and its agents constitute one or more violations of the Texas Insurance Code. More specifically, COVINGTON SPECIALTY has, among other violations, violated the following provisions of the Code:

      a. Texas Insurance Code, Chapter 542, Subchapter B, the Prompt Payment of Claims Act; and

      b. Texas Insurance Code, Sections 541.060(a) by:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation of the claim.

29. As a result of the foregoing conduct, which was and is/are the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Plaintiff is entitled to seek not only its actual damages but also court costs and reasonable and necessary attorneys' fees. Pursuant to Texas Insurance Code Section 541.151, Plaintiff is entitled to bring this cause of action against Defendant for violations of Chapter 541.

30. Moreover, one or more of the foregoing acts or omissions were "knowingly" made; accordingly, pursuant to Section 541.152 of the Texas Insurance Code, Plaintiff is entitled to seek not only its actual damages plus court costs and reasonable and necessary attorneys' fees, but also three times the amount of actual damages.

31. COVINGTON SPECIALTY also has violated the Prompt Payment of Claims Act, section 542.051, *et seq*. of the Texas Insurance Code. Plaintiff gave Defendant timely notice of the loss, allowed Defendant and its adjusters and engineers opportunities to inspect the Property as requested, and did not fail to provide Defendant with any information requested. COVINGTON SPECIALTY completed its investigation in October 2020 when it issued its claim decision letter. Thus, statutory damages pursuant to Texas Insurance Code 542.051, *et seq.* began to accrue on or

about October 27, 2020.  Plaintiff seeks statutory damages as a penalty, plus reasonable and necessary attorneys' fees incurred as a result of Defendant's violations.

32. **Attorneys' fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against COVINGTON SPECIALTY through the trial court and all levels of the appellate process.  Plaintiff seeks the recovery of all of its attorneys' fees and expenses.

33. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## V.   CONDITIONS PRECEDENT

34. All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VI.   JURY DEMAND

35. Plaintiff made a jury demand in state court prior to removal of this action to this Court and requests that a jury be convened to try the factual issues in this action.

## VII.   RESERVATION OF RIGHTS

36. Plaintiff specifically reserves the right to bring additional causes of action against COVINGTON SPECIALTY and to amend this Complaint as necessary pursuant to the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. the Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B. alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. damages against COVINGTON SPECIALTY INSURANCE COMPANY for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages, and costs of court;

D. damages against COVINGTON SPECIALTY INSURANCE COMPANY for violations of the Texas Insurance Code, including, without limitation, economic damages, actual damages, treble damages, court costs, and reasonable and necessary attorneys' fees;

E. statutory damages, including the applicable percentage of damages penalty for violations of Texas' Prompt Payment of Claims Act; and

F. any and all other financial relief and rulings to which Plaintiff may be entitled at law and/or as a matter of equity.

Respectfully submitted,

PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

BY: /s/ Matthew R. Pearson
MATTHEW R. PEARSON
State Bar No. 00788173
Email: mpearson@pearsonlegalpc.com
JARRYD S. MORTON
State Bar No. 24102248
Email: jmorton@pearsonlegalpc.com

**ATTORNEYS FOR PLAINTIFF
HART CHESNUTT, LLC**